PER CURIAM.
James Keaton has petitioned this court for the extraordinary writ of prohibition, contending that the state may not continue to prosecute him on charges of possession of cocaine because to do so would be viola-tive of his constitutional protection against double jeopardy. He shows he entered into a plea agreement in 1989 whereby he pled nolo contendere to the charges and adjudication of guilt was withheld. He was sentenced to 2 days of incarceration and 2 *61 years of probation, the first 90 days of which were to be served as community control. Subsequently it was learned Keaton was living in Albany, Georgia, and Florida authorities would be unable to adequately supervise the community control portion of the sentence. Keaton moved the trial court to amend his sentence to delete the community control. The state’s position at the hearing on the motion was that the proper remedy for the problem was withdrawal of the plea and new plea negotiations or a trial. Defense counsel orally agreed to this disposition but subsequently revised his position and moved for dismissal on grounds of lack of jurisdiction and double jeopardy. When that motion was denied, Keaton sought relief from this court.
Having considered the petition and the response, we deny prohibition. We find that at the hearing of August 31, 1989, defense counsel clearly agreed to the state’s suggestion that the plea be withdrawn. Under the circumstances, petitioner cannot assert his double jeopardy claim. We do not reach the question whether the result would be different had not defense counsel agreed to withdrawal of the plea.
PETITION DENIED.
ERVIN, WENTWORTH and BARFIELD, JJ., concur.